UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DYESHELLA SINGLETON, | |
| Plaintiff, | Case No. C08-5238RJB |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL ASTRUE, Commissioner of Social Security, | Noted for December 5, 2008 |
| Defendant | |

This matter is before the court on plaintiff's failure to file a response to the court's order issued on August 27, 2008. After carefully reviewing the record, the undersigned recommends that the case be dismissed for lack of prosecution.

Plaintiff, Dyeshella Singleton, resides in Bremerton, Washington. On or about April 18, 2008, Plaintiff submitted to the Court Clerk a civil complaint along with an application to proceed in forma pauperis. The Complaint names Michael Asture, Commissioner of Social Security Administration as the sole defendant and alleges the Administration failed to properly consider her application for social security benefits.

In its order granting her application to proceed *in forma pauperis,* Plaintiff was instructed to provide to the Court Clerk summonses to be served with her complaint. Plaintiff was further advised that it was her responsibility to properly serve copies of the complaint along with the summons as required by Rule 4 of the Federal Rules of Civil Procedure. *See* Doc. 2. On August 27, 2008, noting that no

significant pleadings have been filed with the court clerk (ex. a declaration for Proof of Service), the undersigned issued an order, directing Plaintiff to either file proof that a summons and complaint in this matter has been properly served on each of the parties noted above or otherwise show cause why this matter should not be dismissed for lack of prosecution. To date Plaintiff has failed to file any pleadings or otherwise respond to the order to show cause.

Based on the court record and the facts described above, the Court should dismiss plaintiff's causes of action without prejudice for failure to prosecute. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 5, 2008**, as noted in the caption.

DATED this 14th day of November, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge